Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue, suite 202
Brooklyn, NY 11235
Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA
(Philadelphia)
-----------------------------------------------------------X
In re:

    Rustam Dosmatov,

            Debtor.
-----------------------------------------------------------X

Case No.: 24-11793-amc

Chapter 11

AUG 6 2024

## DEBTOR'S OBJECTION TO ALLY BANK'S MOTION FOR RELIEF FROM STAY

**TO THE HONORABLE ASHLEY M. CHAN**
**UNITED STATES BANKRUPTCY JUDGE:**

The Debtor, Rustam Dosmatov, (the "**Debtor**"), by its undersigned counsel, Alla Kachan, Esq., of Law Office of Alla Kachan, P.C., (the "**Attorney**"), respectfully submits this Objection ("Objection") to the Motion of Ally Bank (the "**Movant**") for an order, inert alia, pursuant to 11 U.S.C. § 362 to vacate automatic stay with respect to the vehicle secured by a contract between the parties, and in support thereof, avers as follows:

### BACKGROUND

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§157(a)-(b) and 1334(b). This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. On May 28, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, with the United States Bankruptcy Court for the Eastern District of Pennsylvania. *See ECF Doc. No. 1.*

3. On or about February 23, 2022, Abbos Inc. entered into a Retail Installment Contract and Security Agreement with the Movant, involving a loan in the principal amount of $124,083.25 for the purchase of a 2018 Volvo 860. The Debtor guaranteed the obligations of Abbos Inc. to Ally Bank..

4. On July 24, 2024, the Movant filed the motion for an order, inter alia, pursuant to 11 U.S.C. § 362 for relief from stay. *See ECF Doc. No. 27.*

5. In the referenced motion, the Movant is requesting the Court to enter an order pursuant to 11 U.S.C. § 362 lifting the automatic stay for cause. The Movant alleges that: (1) stay should be lifted pursuant to 11 U.S.C. § 362(d)(1) for cause including lack of adequate protection; and (2) stay should be lifted pursuant to 11 U.S.C. § 362(d)(2) because such property is not necessary to an effective reorganization.

6. The Debtor respectfully disagrees with the position of the Movant, and respectfully asks this Court to deny the Movant's motion for the forgoing reasons.

## **ARGUMENT**

7. The automatic stay affords "one of the fundamental debtor protections provided by the bankruptcy laws." *Midlantic Nat'l Bank v. New Jersey Dep't of Evntl. Protection*, 474 U.S. 494, 503 (1986). The purpose of the automatic stay is to allow a debtor to focus its attention on reorganization efforts without the distraction of having to defend against outside litigation. *CAE Indus. Ltd. v. Aerospace Holdings Co.*, 116 B.R. 31, 32 (S.D.N.Y. 1990). Additionally, the automatic stay prevents the state-law "race to the courthouse," and is intended to "allow the bankruptcy court to centralize all disputes concerning property of the debtor's estate so that reorganization can proceed efficiently, unimpeded by uncoordinated proceedings in other arenas." *SEC v. Brennan*, 230 F.3d 65, 71 (2d Cir. 2000) (internal quotation omitted). In this regard, the

automatic stay "promotes equal creditor treatment and gives the debtor a breathing spell." *In re Pioneer Commercial Funding Corp., 114 B.R. 45, 48 (Bankr. S.D.N.Y. 1990).*

8. Under the Bankruptcy Code, the filing of a bankruptcy petition automatically stays "the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy]." *See 11 U.S.C. §362(a)(1).*

9. While the Bankruptcy Code provides for the automatic stay to be lifted under certain circumstances, it is the Debtor's position herein, that the facts of this case are distinguishable. Section 362(d)(1) provides in relevant part: "On request of a party in interest and after notice and a hearing, the court shall grant relief from the automatic stay . . . by terminating, annulling, modifying, or conditioning such stay". *See 11 U.S.C. §362(d).*

10. A party moving to lift the stay under section 362(d)(1) "must initially produce evidence establishing cause for the relief he requests." *See In re Project Orange Assocs., LLC, 432 B.R. 89, 103 (Bankr. S.D.N.Y. 2010) quoting In re Touloumis, 170 B.R. 825, 830 (Bankr.S.D.N.Y.1994).*

11. In its motion, the Movant first asserted that there is cause for relief from stay pursuant to 11 U.S.C. §362(d)(1) because there is a lack of adequate protection of an interest in the equipment. The Debtor intends to make adequate protection payments as per the terms to be provided by the Movant as soon as practicable after the payment amount is identified by the Movant.

12. As for the Movant's argument that the property is not necessary for an effective reorganization, the vehicle in question is necessary for an effective reorganization because the Debtor's business is a trucking company that cannot operate and fund a Bankruptcy plan without

trucks. If the Movant's motion is granted, the Debtor's business will not be able to operate, which will have a negative impact on the Debtor's Bankruptcy estate.

**WHEREFORE**, the Debtor respectfully requests the court to deny the Movant's Motion for lift of automatic stay and any other relief which the Court deems just and proper.

Dated: Brooklyn, New York
      August 2, 2024

/s/ Alla Kachan, Esq.
Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
*Attorneys for the Debtor*
2799 Coney Island Avenue, suite 202
Brooklyn, New York 11235